**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN GUZMAN HERNANDEZ, | No. 18-16694 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-04238-GMS-ESW |
| v. | |
| T. W. McCRAKEN, El Mirage Police Officer, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| UNKNOWN PARTIES, named as John Doe Nurse 1 and 2 and John Doe Security; ALAN GREENBOAM, M.D., Physician at Banner Boswell Memorial Hospital, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendant T.W. McCracken appeals from the district court's order denying him qualified immunity on Arizona state prisoner Ruben Guzman Hernandez's 42 U.S.C. § 1983 claims related to Hernandez's forced catheterization. We have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). We review de novo the district court's ruling on qualified immunity. *George v. Edholm*, 752 F.3d 1206, 1214 (9th Cir. 2014). We dismiss in part, reverse in part, and remand.

We lack jurisdiction to consider McCracken's appeal of the district court's denial of qualified immunity with respect to Hernandez's Fourth Amendment claim because McCracken's sole challenge to the denial of qualified immunity on this claim is that the district court erred in finding genuine disputes of material fact exist regarding the medical necessity of the catheterization and McCracken's involvement in the procedure. *See Sialoi v. San Diego*, 823 F.3d 1223, 1230 (9th Cir. 2016) (when reviewing a denial of qualified immunity the court of appeals lacks jurisdiction to review a district court's conclusion that genuine factual disputes exist). We dismiss McCracken's appeal of the denial of qualified immunity as to Hernandez's Fourth Amendment claim.

The district court determined McCraken was not entitled to qualified immunity on Hernandez's Fourteenth Amendment claim for violation of Hernandez's right to refuse unwanted medical treatment. However, the district

court erred in concluding that a reasonable officer would have known that a forced catheterization violates an arrestee's due process right to refuse medical treatment because none of the cases cited by Hernandez or relied upon by the district court find a Fourteenth Amendment violation under similar circumstances. *See George*, 752 F.3d at 1221 (finding an officer entitled to qualified immunity because neither *Cruzan v. Director, Missouri Department of Health*, 497 U.S. 261 (1990), nor any other case cited by the parties, established that an arrestee has the right under the Fourteenth Amendment to refuse invasive medical treatment such as forced sedation, anoscopy, intubation and bowel excavation). We reverse the district court's denial of qualified immunity as to Hernandez's Fourteenth Amendment claim, and remand with instructions to grant McCracken's motion for summary judgment on the basis of qualified immunity as to the Fourteenth Amendment claim.

The parties shall bear their own costs on appeal.

**DISMISSED in part, REVERSED in part, and REMANDED.**



Hernandez v. McCraken, et al., No. 18-16694

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I concur in the reversal of the district court's denial of qualified immunity as to the Fourteenth Amendment claim. I dissent as to the dismissal of the appeal of the denial of qualified immunity as to the Fourth Amendment claim. I would find jurisdiction and grant qualified immunity as to the Fourth Amendment claim.